PER CURIAM.
JjOn July 7, 2003, W.R.M. filed a “Petition to Establish Filiation” against H.C.V. and M.J.V., alleging that he is the biological father of A.M.V as a result of an adulterous affair between H.C.V. and W.R.M. In response, H.C.V. and M.J.V. filed exceptions of no cause of action, no right of action, and prescription. While these exceptions were pending, the Louisiana Legislature passed Act 530 of 2004, which enacted La. Civ.Code art. 191. H.C.V. and M.J.V. filed supplemental exceptions based on the application of La. Civ.Code art. 191, arguing that W.R.M. failed to comply with the two-year peremptive period set forth in the article and thus he had no right or cause of action to continue his avowal action.
The district court granted the exceptions of no right of action, no cause of action, and prescription. W.R.M. appealed the judgment to the court of appeal. The court of appeal reversed the district court, thereby declaring the retroactive application of La. Civ.Code art. 191 to be unconstitutional.
H.C.V. and M.J.V. appealed that judgment to this court pursuant to La. Const, art. V, § 5(d). We render the following decree.
DECREE
The judgment of the court of appeal is vacated and set aside. W.R.M.’s petition to establish filiation is dismissed with prejudice.
JOHNSON, J., CALOGERO, C.J., and TRAYLOR and WEIMER, JJ„ additionally concur and assign reasons.
KIMBALL, J., additionally concurs for the reasons assigned by CALOGERO, C.J.