## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW07-1279

**K.A.E.M.**

**VERSUS**

**J.M.C., BORN H.**

**\*\*\*\*\*\*\*\*\*\***

WRIT APPLICATION FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2005-3245, DIVISION C
HONORABLE GUY ERNEST BRADBERRY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## J. DAVID PAINTER
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

**WRIT DENIED; STAY RECALLED.**

Amy, J., dissents and assigns reasons.

**Catherine L. Stagg**
**Attorney at Law, L.L.C.**
**426 Kirby Street, Suite A**
**Lake Charles, LA 70601**
**Counsel for Defendant-Relator:**
    **J.M.C., born H.**

**Macie R. LeTard**
**2306 Sampson Street**
**Westlake, LA 70669**
**Counsel for Plaintiff-Respondent:**
    **K.A.E.M.**

**PAINTER, Judge.**

Mother, J.M.C., born H., sought supervisory writs from the judgment of the Fourteenth Judicial District Court, which denied her apparent exception of prescription. We stayed all proceedings and granted the writ application for the sole purpose of consideration of this matter on the merits. Finding that the retroactive application of La.Civ. Code art. 198 would unconstitutionally strip the alleged father, K.A.E.M., of a vested right to establish paternity under the circumstances of this case, we deny the writ application, recall the stay order, and affirm the ruling of the trial court such that this matter may now proceed as an ordinary custody proceeding in the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Respondent, K.A.E.M., and Relator, J.M.C., lived together for about three years from 2002 to 2005. They were not married; however, of this relationship, a child, K.A.E.M., Jr., was born on July 9, 2003, in Duncan, Oklahoma. Two days following the birth of the child, Respondent and Relator signed an affidavit acknowledging paternity. Shortly thereafter, Respondent, Relator, and the child moved to Calcasieu Parish, Louisiana.

This is a convoluted and complicated custody dispute between Respondent, the alleged biological father, and Relator which began with Respondent's filing of a rule for custody on June 22, 2005. Respondent prayed, ex parte, for temporary sole custody of K.A.E.M., Jr., which was denied; for an order prohibiting Relator from removing the child from the State of Louisiana, which was granted; and ultimately for the joint care, custody and control of the minor child, with him being designated as the domiciliary parent subject to Relator's supervised visitation, child support from Relator, and the state and federal income tax dependency exemption for the minor

1

child. On September 13, 2005, Relator filed exceptions to the rule for custody and a motion to declare null or dissolve the restraining order. In those pleadings, Relator alleged that K.A.E.M., Jr. was conceived and born during her marriage to a man other than Respondent and that she had been awarded sole custody of K.A.E.M., Jr. in her divorce from that man. Relator also alleged that Respondent's right to establish paternity had prescribed. The hearing on these matters was disrupted by Hurricane Rita and refixed for a later date. In the interim, Respondent filed a verified petition for paternity, custody, visitation, and support in the District Court of the Chickasaw Nation in Ada, Oklahoma. Relator filed an exception of lis pendens in the Louisiana court, and on December 8, 2005, all matters in the Louisiana court were stayed pending a ruling from the Oklahoma court. Finally, on August 10, 2006, Relator filed a motion and order to set exceptions for hearing in the Louisiana court. A trial on the exceptions and motions filed by Relator was held on February 22, 2007. Finding that the acknowledgment of paternity signed in Oklahoma was valid and that Respondent had timely brought his action to establish paternity, the trial court ruled that the matter could proceed as an ordinary custody proceeding and denied Relator's exceptions. Relator now seeks supervisory writs from this court, alleging that the acknowledgment of paternity signed in Oklahoma was invalid and that the trial court erred in refusing to retroactively apply the amendments to La.C.C. art. 198 to bar Respondent's attempt to establish paternity.

For the reasons that follow, we affirm the trial court's ruling, deny Relator's writ application, and recall the stay order such that this matter may proceed as an ordinary custody proceeding in the trial court.

2

## DISCUSSION

Louisiana Civil Code Article 198 currently reads:

> A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.
>
> If the child is presumed to be the child of another man, the action shall be instituted within one year from the day of the birth of the child. Nevertheless, if the mother in bad faith deceived the father of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs.
>
> In all cases, the action shall be instituted no later than one year from the day of the death of the child.
>
> The time periods in this Article are peremptive.

This article became effective on June 29, 2005 and replaced La.Civ.Code art. 191 which fixed a two-year peremptive period for avowals. In the notes to La.Civ.Code art. 198, and quoting 2005 La. Acts No. 192, §3, it specifically states: "The provisions of the act shall be applicable to all claims existing or actions pending on its effective date and all claims arising out of actions filed on and after its effective date."

Relator contends that the trial court erred in denying her exception of prescription because the new law's one-year time period is applicable pursuant to *W.R.M. v. H.C.V.*, 06-702 (La. 3/9/07), 951 So.2d 172, which retroactively applied La.Civ.Code Art. 191, a previous version of the statute at issue. In that case, the supreme court held that because the alleged father did not have a vested right to continue his avowal action, the retroactive application of the two-year peremptive period was constitutional. In so holding, the court apparently reasoned that under the old law, the right to pursue such an action was not absolute, but instead had to be exercised within a reasonable time and also involved the alleged father's actual

3

relationship with the child. In W.R.M.'s case, he waited until some nine years after the child was born, had no actual relationship with the child, and the child (who was twelve years old at the time of the supreme court's opinion) was living with his mother and her husband, whom he believed to be his parents. Thus, W.R.M. did not have a vested right to pursue his avowal action.

In this case, Respondent filed his petition for custody within the two-year period under the old law and five days before the new law became effective. He acknowledged paternity in writing and lived with the child and Relator for three years. Justice Johnson, in her concurring opinion in *W.R.M.*, 951 So.2d at 172-73, stated: "The retroactive application of LSA-C.C. art. 191 was not unconstitutional in this case because W.R.M. did not have a vested right to bring an avowal action, as he did not file his avowal action within a reasonable time, nor did he have an actual relationship with A.M.V." Such is not the case here. We agree with the trial court that the Oklahoma acknowledgment is valid and that applying the provision of La.Civ.Code art. 198 retroactively would strip Respondent of a vested right to establish paternity. To do so would be unconstitutional.

The resolution of this issue in favor of Respondent renders Relator's alternative assignments of error and additional requests moot.

### DECREE

The trial court's ruling is affirmed. Relator's writ application is denied, and the stay order is recalled such that this matter may proceed as an ordinary custody proceeding in the trial court.

**WRIT DENIED; STAY RECALLED.**

NUMBER CW07-1279

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

K.A.E.M.

VERSUS

J.M.C., BORN H.

AMY, J. dissenting.

I respectfully dissent from the majority opinion and I would grant the relator's writ application. Notwithstanding the procedural problems present in this case, I think that the trial court erred in recognizing a constitutional claim as to the retroactive application of La.Civ.Code art. 198. Here, we have a clear legislative expression that the provisions of Article 198 are applicable to all claims existing or actions pending on its effective date. *See* 2005 La.Acts No. 192, § 3. Thus, on its face, the one-year peremptive period is applicable to this case. I do not see that the constitutionality of Article 198 can be addressed since there is no indication in the parties' submission to this court that the constitutional issue was specially pled. *See Mallard Bay Drilling, Inc. v. Kennedy*, 04-1089 (La. 6/29/05), 914 So.2d 533. Further, I find the information regarding any acknowledgment in Oklahoma to be insufficient for the trial court to have determined that it is dispositive. Accordingly, I would grant the writ.