STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-151


MICHAEL J. LEGER, II

VERSUS

DANIELLE GOTREAUX LEGER


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2014-10441
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

**********

**DAVID KENT SAVOIE**
**JUDGE**

**********

Court composed of Jimmie C. Peters, John E. Conery, and David Kent Savoie, Judges.


**AFFIRMED.**

**Lynette Young Feucht**
**440 North Second Street**
**Eunice, LA 70535-0391**
**(337) 550-1115**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Michael J. Leger, II**

**Viel Paul Caswell, Jr.**
**Attorney at Law**
**P. O. Box 1700**
**Eunice, LA 70535**
**(337) 457-2855**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Danielle Gotreaux Leger**

**Bradford H. Felder**
**G. Andrew Veazey**
**Dona K. Renegar**
**Huval, Veazey, Felder & Renegar, L.L.C.**
**P. O. Box 80948**
**Lafayette, LA 70598**
**(337) 234-5350**
**COUNSEL FOR INTERVENOR/APPELLANT:**
     **John Jerome Fontenot**

**James D. "Buddy" Caldwell**
**Attorney General**
**Emily G. Andrews**
**Angelique Duhon Freel**
**Assistant Attorneys General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6000**
**COUNSEL FOR AMICUS CURIAE:**
     **Attorney General for the State of Louisiana**

**SAVOIE, Judge.**

Appellant John Jerome Fontenot appeals the ruling of the trial court, wherein the court ruled that he did not have a right to avow his paternity of Gracelynn Leger pursuant to Louisiana Civil Code article 198. For the following reasons, we affirm.

Michael Leger and Danielle Gotreaux Leger were married in 2007. Three children were born during the marriage – Michael Joseph Leger, III, born January 4, 2007, Gracelynn Ann Leger, born August 21, 2012, and Emilee Camille Leger, born March 1, 2014. In the fall of 2011, John Jerome Fontenot, a local veterinarian, and Danielle Leger had an affair. During that time, Danielle became pregnant with Gracelynn Leger. Dr. Fontenot submitted to a DNA test in October 2012, just two months after the birth, to determine whether he was the father of Gracelynn. The results indicated that there was a 99.99% percent probability that Dr. Fontenot was Gracelynn's father.

Michael and Danielle separated in August 2013. Danielle was pregnant with Emilee at the time of the separation. When Emilee was born in March 2014, the Department of Children and Family Services ("DCFS") removed her from Danielle's care because she tested positive for cocaine. Michael was working offshore at the time of the birth. When the infant was removed, a DCFS worker contacted Dr. Fontenot to take custody of Gracelynn because he was identified by Danielle's mother as the father of Gracelynn.

On March 3, 2014, Michael was served with a petition for custody of Gracelynn, which alleged that Dr. Fontenot was Gracelynn's father. This was when Michael first became aware of the affair between Dr. Fontenot and Danielle and, that he might not be Gracelynn's father.

Danielle also told Michael that he was not the father of the newborn Emilee. Danielle told DCFS that Emilee was Dr. Fontenot's child. However, DNA testing confirmed that Emilee was, in fact, the biological child of Michael.

Eventually, all three children were placed in Michael's custody. During a hearing officer's conference on the petition for custody in April 2014, the parties agreed on a visitation schedule for Dr. Fontenot and Gracelynn. No further action was taken in that matter.

In May 2014, Michael filed a petition for divorce against Danielle alleging adultery. Dr. Fontenot filed a Petition for Intervention, for Paternity, Custody, and Alternatively, Visitation. In the petition, Dr. Fontenot alleged that he was unable to file a timely avowal action because he feared for the safety of Danielle and Gracelynn. Michael filed a Peremptory Exception of Peremption, No Right of Action, and No Cause of Action. The exception was withdrawn in relation to the visitation issue; however, the exception to the avowal action was heard on September 30, 2014.

The trial court ruled that La.Civ.Code art. 198 precluded Dr. Fontenot from establishing paternity of Gracelynn. The exception of preemption was granted. Dr. Fontenot now appeals.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Dr. Fontenot argues that the trial court erred when it held that La.Civ.Code art. 198 precludes an avowal action when the mother deceives the biological father by telling him that she and the child would be in physical danger if her husband learned that the child was fathered by another man.

2

Louisiana Civil Code Article 198 reads:

A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.

If the child is presumed to be the child of another man, the action shall be instituted within one year from the day of the birth of the child. Nevertheless, if the mother in bad faith deceived the father of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs.

In all cases, the action shall be instituted no later than one year from the day of the death of the child.

The time periods in this Article are peremptive.

Generally, an avowal action may be brought at any time. However, La.Civ.Code art. 198 establishes a time period for filing such an action in two instances - if the child is presumed to be the child of another man and if the child dies. The first scenario applies to the instant case. "The husband of the mother is presumed to be the father of a child born during the marriage[.]" La. Civ.Code art. 185. Louisiana Civil Code Article 198 specifies that an action must be instituted "within one year from the day of the birth of the child" in this instance.

Michael and Danielle were married at the time of Gracelynn's birth. In accordance with the above statute, Dr. Fontenot had one year from the birth of Gracelynn to file his avowal action. He did not do so. There is one exception to the one year time period. If the mother, in bad faith, deceives the father concerning his paternity, the father must institute an action within one year from the day he knew or should have known of the birth of the child or within ten years of the child's birth, whichever first occurs. La.Civ.Code art. 198.

It is Dr. Fontenot's contention that his avowal action was timely due to this exception. He believed that Danielle and Gracelynn would be in physical danger if he were to expose the fact that he was Gracelynn's father. This was the reason he delayed the institution of the avowal action. He argues that the exception found in La.Civ.Code art. 198 should extend to these circumstances. We disagree.

While Dr. Fontenot's situation is unfortunate, the law is clear. Only "if the mother in bad faith deceived the father of the child *regarding his paternity*" does the exception apply. *Id.* (emphasis added). There is no evidence that Danielle deceived Dr. Fontenot regarding his paternity. She may have deceived Dr. Fontenot regarding the consequences of disclosing his paternity; however, Dr. Fontenot knew he was Gracelynn's father. Within two months of Gracelynn's birth, Dr. Fontenot submitted to a DNA test that clearly showed he was the child's father. Furthermore, in his petition for intervention, Dr. Fontenot acknowledges that he knew that he is Gracelynn's father for more than a year since her birth.

Even if we were to conclude that Danielle deceived Dr. Fontenot regarding his paternity, which we do not, the law requires that "the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs." *Id.* It is fair to say that Dr. Fontenot knew or should have known that he was Gracelynn's father when the DNA testing was conducted in October 2012. This avowal action was filed in May 2014. Therefore, even if the exception applied, Dr. Fontenot's avowal action would still be untimely.

### ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Dr. Fontenot argues that the trial court erred in holding La.Civ.Code art. 198 to be constitutional.

4

"It is well-established that litigants must raise constitutional challenges in the trial court rather than in the appellate courts, and that the constitutional challenge must be specially pleaded and the grounds for the claim particularized." *Arrington v. Galen–Med, Inc.,* 06–2923, p. 3 (La.2/2/07), 947 So.2d 719, 720. The purpose of this requirement is to allow full argument and presentation of evidence at the trial court level in order to create a full record for appellate review. The supreme court has determined that its jurisdiction extends only over those issues that have been properly raised and ruled on at the trial court level.

*Lopez v. Isle of Capri Casino*, 13-418, pp. 6-7 (La.App. 3 Cir. 11/6/13), 127 So.3d 55, 60, *writ denied*, 13-2833 (La. 2/21/14), 133 So.3d 684.

The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art. 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. **It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings**.

*M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-450, p. 1 (La. 4/27/07), 956 So.2d 573, 573-74 (quoting *Vallo v. Gayle Oil Co., Inc.,* 94-1238, p. 8 (La. 11/30/94), 646 So.2d 859 (emphasis added) (citations omitted) (footnotes omitted)).

Upon review of the record, the constitutionality of La.Civ.Code art. 198 is not raised in any pleading filed by Dr. Fontenot. The first mention of this issue is found in Dr. Fontenot's memorandum in opposition to Michael's exceptions. As stated by the Louisiana Supreme Court in *M.J. Farms, Ltd.*, constitutionality cannot be raised in a memorandum.

It should also be noted that the trial court did not rule on the issue of constitutionality in the October 22, 2014 judgment from which this appeal was filed. In its oral ruling, the trial court found La.Civ.Code art. 198 to be constitutional, however, this ruling was never put in writing. "[T]he district court's oral or written reasons for judgment form no part of the judgment, and . . .

appellate court's review judgments, not reasons for judgment." *Bellard v. Am. Cent. Ins. Co.*, 07–1335, 07-1399, p. 25 (La. 4/18/08), 980 So.2d 654, 671.

Assignment of Error Number Two regarding constitutionality is not in proper posture for appeal, therefore, we decline to rule on this issue.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of these proceedings are assessed to Appellant John Jerome Fontenot.

**AFFIRMED.**