# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-270

MICHAEL J. LEGER, II

VERSUS

DANIELLE GOTREAUX LEGER

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2014-10441
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Marc T. Amy, D. Kent Savoie, and Van H. Kyzar, Judges.

**AFFIRMED.**

Lynette Young Feucht
Lynette Young Feucht, LLC
440 North Second Street
Eunice, LA 70535
(337) 550-1115
COUNSEL FOR PLAINTIFF/APPELLEE:
    Michael J. Leger, II

Alexander T. Reinboth
Emily G. Andrews
Assistant Attorneys General
Louisiana Department of Justice
Post Office Box 94005
Baton Rouge, LA 70804
(225) 326-6000
COUNSEL FOR AMICUS CURIAE:
    Attorney General of the State of Louisiana

**Dona Kay Renegar**
**G. Andrew Veazey**
**Bradford H. Felder**
**Veazey, Felder & Renegar, L.L.C.**
**2 Flagg Place**
**Lafayette, LA   70508**
**(337) 234-5350**
**COUNSEL FOR INTERVENOR/APPELLANT:**
        **John Jerome Fontenot**

**Viel P. Caswell, Jr.**
**Post Office Box 1700**
**Eunice, LA   70535-1700**
**(337) 457-2855**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Danielle Gotreaux Leger**

**AMY, Judge.**

The appellant intervened in the underlying divorce proceeding, seeking a determination of paternity of a minor child born during the marriage. As the matter was filed more than one year after the child's birth, the trial court sustained the legal father's exception of peremption pursuant to La.Civ.Code art. 198. Although that ruling was affirmed by prior appeal, the appellant thereafter filed a petition in which he challenged Article 198 on constitutional grounds. The trial court denied the appellant's claim. He filed the present appeal. For the following reasons, we affirm.

## Factual and Procedural Background

As discussed in a previous proceeding before this court, the minor child who is the subject of these proceedings was born on August 21, 2012, during the marriage of Danielle Gotreaux Leger and Michael J. Leger, II. *See Leger v. Leger*, 15-151 (La.App. 3 Cir. 9/30/15), 215 So.3d 773. However, after Mr. Leger commenced divorce proceedings in May 2016, the appellant, John Jerome Fontenot, filed a June 17, 2014 "Petition of Intervention, for Paternity, Custody, and Alternatively, Visitation[.]"[1] Alleging that DNA testing established that he was the biological father of the minor child, he asserted that he had been unable to timely file the avowal action pursuant to La.Civ.Code art. 198, which provides:

> A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.
>
> If the child is presumed to be the child of another man, the action shall be instituted within one year from the day of the birth of the child. Nevertheless, if the mother in bad faith deceived the father

---

[1] The present record indicates that, prior to the intervention, and in a separate trial court proceeding, Dr. Fontenot filed a "Rule for Joint Custody and For Child Support to Be Established" in February 2014.

of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs.

In all cases, the action shall be instituted no later than one year from the day of the death of the child.

The time periods in this Article are peremptive.[2]

Acknowledging the passage of more than one year since the birth of the minor child, Dr. Fontenot[3] suggested that the "bad faith" exception was applicable to the matter due to his concerns for the safety of both Ms. Leger and the child if paternity was revealed. While the trial court permitted Dr. Fontenot's intervention, the trial court granted Mr. Leger's exception of peremption on the avowal action. That determination was affirmed in the initial appeal of this matter. *Leger*, 215 So.3d 773. However, the panel declined to rule on Dr. Fontenot's claim that La.Civ.Code art. 198 is unconstitutional as the claim was not previously raised in his pleadings, nor had the trial court ruled on any such claim. *Id.*

Subsequently, and under the same docket number as the underlying matter, Dr. Fontenot filed a "Petition to Declare Louisiana Civil Code Article 198 Unconstitutional." He named Mr. and Ms. Leger, as well as the State of Louisiana, through the Attorney General, as defendants. Dr. Fontenot claimed therein that although he was the biological father of the minor child, he "was precluded from bringing an action to establish paternity pursuant to Civil Code article 198" as Ms. Leger advised him that she was abused by her husband and that if Dr. Fontenot "took action to establish paternity" that she "feared for her life." However, the

---

[2] Louisiana Civil Code Article 3458 explains that: "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period."

[3] The record indicates that Dr. Fontenot is a veterinarian.

trial court denied his prior claim that the "bad faith" exception to La.Civ.Code art. 198 "should be interpreted to include a mother's plea for the physical protection of herself and her child from a physically abusive husband." Dr. Fontenot asserted that, as a result, his ability to establish paternity "was precluded by the application of the one-year peremptive period contained within Louisiana Civil Code article 198."

Referencing the "'fundamental right of parents to make decisions concerning the care, custody, and control of their children[,]'" Dr. Fontenot alleged in his petition that "[t]he one-year peremptive period contained within Louisiana Civil Code article 198 is unconstitutionally short and an undue interference with [his] constitutionally protected rights as the parent" of the minor child. Citing *Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054 (2000); *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208 (1972).

Furthermore, and by comparison, Dr. Fontenot explained in his petition that La.Civ.Code art. 193 "allows a mother to institute an action to disavow a presumed father and establish the paternity of the biological father as long as she institutes the action within *two* years of the date of the birth of the child." This disparity, he alleged, violated his rights of equal protection of both La.Const. art. 1, § 3, and U.S. Const. amend. XIV, § 1. Recognizing the attendant evaluations for such a complaint, Dr. Fontenot asserted that "[t]here can be no justification for granting an extra year for the mother of a child to bring an action to establish the paternity of the biological father than for the biological father himself." Therefore, he "pray[ed] that the one-year peremptive period contained in Louisiana Civil Code article 198 be declared unconstitutional, and that he be afforded the right to establish his paternity and legal custody" of the minor child.

3

Following the filing of the petition, the trial court granted Dr. Fontenot's motion to voluntarily dismiss the State as a defendant.[4] The matter was submitted to the trial court on memoranda, with the State joining in Mr. Leger's memorandum to the trial court.[5] Thereafter, the trial court denied Dr. Fontenot's claim, "finding that Louisiana Civil Code Article 198 is constitutional."

Dr. Fontenot appeals and, as his sole assignment of error, alleges that: "The trial court erred in holding Louisiana Civil Code article 198 constitutional."

## Discussion

*Due Process*

As he did before the trial court, Dr. Fontenot contends that the peremptive period of La.Civ.Code art. 198 is unconstitutional as applied under the facts attendant to his claim. In doing so, he references United States Supreme Court jurisprudence addressing the rights of parents. *See, e.g.*, *Troxel,* 530 U.S. at 66 (wherein the Court explained that its jurisprudence "recognized the fundamental rights[6] of parents to make decisions concerning the care, custody, and control of their children."). *See also Stanley*, 405 U.S. at 651 (wherein the Court stated that it had "frequently emphasized the importance of the family. The rights to conceive and to raise one's children have been deemed 'essential,' 'basic civil rights of

---

[4] The trial court further entered a preliminary default against Ms. Leger, who did not file responsive pleadings as to the paternity matter. Additionally, Mr. Leger obtained a preliminary default against Ms. Leger in the underlying divorce proceeding and was subsequently granted a judgment of divorce in the underlying matter.

[5] The State has filed an *amicus curiae* brief with this Court.

[6] The Supreme Court explained that the Due Process Clause of U.S. Const. amend. XIV, "'guarantees more than fair process.' The Clause also includes a substantive component that 'provides heightened protection against government interference with certain fundamental rights and liberty interest.'" *Troxel*, 530 U.S. at 65 (citations omitted). Citing its jurisprudence in that regard, the Court stated that "it cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Id.* at 66.

man,' and '[r]ights far more precious than property rights[.]'" (citations omitted)). Certainly, the import of such rights is unquestioned.

Yet, in order to establish such parentage, La.Civ.Code art. 198 provides that "[i]f the child is presumed to be the child of another man, the [alleged father's] action shall be instituted within one year from the day of the birth of the child." Dr. Fontenot argues that application of this peremptive period to him is an unconstitutional limitation on his rights as a biological father.[7]

In support of his argument, Dr. Fontenot references La.Civ.Code 198, cmt. (e) which addresses the underlying policy of the limitation period as follows:

> (e) The time period of one year from the child's birth imposed upon the alleged father if the child is presumed to be the child of another man requires that the alleged father act quickly to avow his biological paternity. Requiring that the biological father institute the avowal action quickly is intended to protect the child from the upheaval of such litigation and its consequences in circumstances where the child may actually live in an existing intact family with his mother and presumed father or may have become attached over many years to the man presumed to be his father.

However, he contends that the above policy does not apply to the present situation since his avowal action was filed within the context of the Legers' divorce proceeding and, furthermore, that he had a "much closer relationship"[8] with the young child than did Mr. Leger. Thus, because the expressed policy of the State cannot be fulfilled, Dr. Fontenot claims, the one-year period "is unconstitutionally short and undue interference on his constitutionally protected rights as the parent" of the minor child.

---

[7] We note here, that notwithstanding Dr. Fontenot's claim, his parental status has not been established by the court. Rather, the initial court proceeding considered the application of the peremptive period and, in this proceeding, the constitutionality of that limitation is now considered.

[8] Dr. Fontenot has exercised periods of visitation with the child.

We find no merit in that contention. Rather, La.Civ.Code art. 198, when reviewed in full, specifically addresses Dr. Fontenot's situation. Generally, it provides that: "A man may institute an action to establish his paternity of a child at any time *except as provided in this Article.*" *Id*. (emphasis added). Thus, La.Civ.Code art. 198 recognizes an open ended period for recognition of the personal right now cited by Dr. Fontenot. However, La.Civ.Code art. 198 provides two time limitations to that cause of action: 1) in the event the child is presumed to be that of another man[9] or 2) in the event of the death of the child. In this case, Mr. Leger's exception of peremption was maintained, and affirmed on appeal, as the minor child was "presumed to be the child of another man" and Dr. Fontenot's action was not "instituted within one year from the day of the birth of the child."

His delay in filing that action was very clearly at odds with the policy statement contained in La.Civ.Code art. 198, cmt. (e). First, Dr. Fontenot did not assert his claim as the alleged father until the child was nearing two years of age, despite his knowledge of paternity.[10] Further, such a delay in the institution of the action is contrary to the intent of protecting "the child from the upheaval of such litigation and its consequences in circumstances where the child may actually live in an existing intact family with his mother and presumed father *or* may have become attached over many years to the man presumed to be his father." *Id.* (emphasis added).

Dr. Fontenot's argument in this regard is seemingly circular, as he did not file this avowal action until *after* the filing of the petition for divorce, despite his

---

[9] And, in fact, the Louisiana Supreme Court has determined that even the retroactive application of a limitation period in such context is not an unconstitutional abridgement of a biological father's rights. *See W.R.M. v. H.C.V.*, 06-0702 (La. 3/9/07), 951 So.2d 172.

[10] Recall that the child was born in August 2012 and the underlying avowal action was filed in June 2014.

ability to have done so. Thus, at the time the action was filed, and notwithstanding the fact that Mr. Leger's work took him away from home for periods of time, the minor child lived in an "intact family structure" with Mr. Leger as the presumptive father. To suggest that the minor child did not or could not have become attached to Mr. Leger between the August 2012 birth and the filing of the avowal action in June 2014 is conclusory in nature on the part of Dr. Fontenot and is not otherwise established in the record.

Accordingly, we find no merit in the claim that application of the peremptive period of La.Civ.Code art. 198 does not further the expressed policies of the legislation and, as a result, unconstitutionally terminates Dr. Fontenot's right to establish paternity and custodial rights.

*Equal Protection*

Neither do we find merit in Dr. Fontenot's claim that comparison of the one-year peremptive period of La.Civ.Code art. 198 (applicable to an alleged father's action to establish paternity) to the two-year period of La.Civ.Code art. 193 (applicable to a mother's contestation and establishment of paternity), evidences violation of an alleged father's equal rights to establish paternity.

Louisiana Constitution Article 1, § 3 provides, in pertinent part, that: "No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations."

This "state constitutional guarantee of equal protection[,]" the supreme court has explained, "mandates that state laws affect alike persons and interests similarly

7

situated. This guarantee does not, however, take from the legislature all power of classification." *Beauclaire v. Greenhouse*, 05-0765, p. 5 (La. 2/22/06), 922 So.2d 501, 505. Rather, "[i]t is possible for parties to be treated differently without violation of equal protection rights. Equal treatment of all claimants in all circumstances is not required. The law merely requires equal application in similar circumstances." *Id.* *See also City of Baton Rouge/Parish of East Baton Rouge v. Myers*, 13-2011, 13-2036 (La. 5/7/14), 145 So.3d 320.

In this instance, Dr. Fontenot lodges a gender discrimination claim insofar as he suggests that alleged fathers and mothers are treated differently in their respective claims for paternity. In the event that a "statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused [pursuant to La.Const. art. 1, § 3,] unless the state or other advocate of the classification shows that the classification has a reasonable basis." *Beauclaire*, 922 So.2d at 505 (quoting *Sibley v. Board of Supervisors of Louisiana State Univ.*, 477 So.2d 1094, 1107 (La.1985)). As statutes are presumed valid, their constitutionality "should be upheld whenever possible." *Id.*

In pursuit of this claim, Dr. Fontenot contrasts the one year period applicable to him under La.Civ.Code art. 198 with the period provided by La.Civ.Code art. 193. Entitled "Contestation and establishment of paternity; time period[,]" La.Civ.Code art. 193 provides that: "The action by the mother shall be instituted within a peremptive period of one hundred eighty days from the marriage to her present husband and also within two years from the day of the birth of the child, except as may otherwise be provided by law." Dr. Fontenot argues that the "disparity in which the mother of a child has a statutorily available method to establish paternity of a child's biological father as long as the action is instituted

8

within two years of the birth of the child, but a father is limited to bringing an action within only one year of the birth of the child" reveals an equal protection violation.

We reject that claim, noting that the alleged father, as described in La.Civ.Code art. 198, and the mother, as described in La.Civ.Code art. 193, are not presented with similar circumstances. Rather, and although he is subject to the peremptive period applicable in instances where the child is presumed to be the child of another man, La.Civ.Code art. 198 relates solely to the establishment of paternity. La.Civ.Code art. 193, however, addresses the time period applicable to a larger contestation claim and, in turn, the establishment of paternity. Reference to the surrounding articles reveals the disparity in the circumstances of the mother and the alleged father.

At the time the instant matter was filed, La.Civ.Code art. 191 (emphasis added), described the claim for contestation and establishment of paternity as follows:

> The mother of a child may institute an *action to establish both that her former husband is not the father of the child and that her present husband is the father.* This action may be instituted only if the present husband has acknowledged the child by authentic act or by signing the birth certificate.[11]

The burden of proof for such an action is contained within La.Civ.Code art. 192 (emphasis added), which provides that: "The mother shall prove by clear and convincing evidence *both that her former husband is not the father and that her present husband is the father.* The testimony of the mother shall be corroborated by other evidence." As for the time limitation applicable to such an action,

---

[11] Louisiana Civil Code Article 191 was amended by 2016 La. Acts No. 309, § 1, deleting the phrase "or by signing the birth certificate" from the end of the Article.

La.Civ.Code art. 193 provides that the mother's claim "shall be instituted within a peremptive period of one hundred eighty days from the marriage to her present husband and also within the two years from the day of the birth of the child, except as may otherwise be provided by law." Thus, the Article addresses, in part, the child's age, but further focuses on the date of the marriage to the present husband.[12] The subsequent article, La.Civ.Code art. 194 provides that: "A judgment shall not be rendered decreeing that the former husband is not the father of the child unless the judgment also decrees that the present husband is the father of the child."

It is by reference to this larger span of legislation on the mother's actions for contestation and establishment of paternity that the different circumstances surrounding a mother's claim under La.Civ.Code arts. 191-194 and those surrounding a father's claim of paternity under La.Civ.Code art. 198 become apparent. Further, the Revision Comment to La.Civ.Code art. 192 illuminates the consideration of whether any disparity of classification has a reasonable basis in law:

> Under this Article the mother must prove by clear and convincing evidence that her present husband is the father of the child and that her former husband is not. The reason for requiring clear and convincing proof that her present husband is the father (compare Civil

---

[12] The Revision Comment of La.Civ.Code art. 193 similarly confirms the multiple interests at issue in the mother's claim thereunder:

> The contestation action must be instituted within one hundred eighty days of the marriage of the mother to her present husband and before the child has attained the age of two years. This short time period encourages the mother to act expeditiously in the interest of all of the affected parties, in particular the child. The time period for instituting this action is similar to that of French Civil Code Article 318.1 in that both actions must be brought within six months of the inception of the marriage. This Article departs from the French article, however, in requiring that the action be instituted before the child has attained the age of two years. Under French Civil Code Article 318.1 the action must be instituted before the child has reached the age of seven years.

Code Article 195) is that there is a legal presumption that the mother's former husband is the father, which the mother is also seeking to rebut. The consequences of the contestation action differ significantly from the actions permitted the child or the biological father under Civil Code Articles 197[13] and 198 (rev. 2005): in a contestation action, the former husband will no longer be considered by law as the child's father; instead, only the mother's present husband will be considered the legal father. Under Civil Code Articles 197 and 198, the child or the father is seeking to establish paternity without affecting in any way the child's established filiation to another man.

Given the fact that the actions pointed to by Dr. Fontenot differ in nature, interests, and consequences, we find no merit in his claim that a reasonable basis for the lengthier period applicable to a mother's claim has not been established.

We similarly reject Dr. Fontenot's corresponding claim under the Equal Protection Clause of the United States Constitution. *See* U.S. Const. amend. XIV, § 1 (providing, in pertinent part, that: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."). In challenges involving an allegation of state-sponsored gender discrimination, the United States Supreme Court has explained that "gender-based discriminations must serve important governmental objectives and that the discriminatory means employed must be substantially related to the achievement of those objectives." *Wengler v. Druggists Mut. Ins. Co.*, 446 U.S. 142, 150, 100 S.Ct. 1540, 1545 (1980). Again, and in consideration of the differing positions of the parties involved in the distinct claims under La.Civ.Code arts. 191-194 and La.Civ.Code art. 198, as well as the differing

---

[13] Louisiana Civil Code Article 197 provides a child's action to establish paternity as follows:

> A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.

> For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.

11

consequences at issue in those actions, we do not find a gender-based discrimination suggestive of a violation of equal protection principles.

Finding no merit in the assignment of error, we leave the trial court's judgment undisturbed.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this proceeding are assessed to the Intervenor-Appellant, John Jerome Fontenot.

**AFFIRMED.**