# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-135


**YVETTE PERRY & JAMES PAUL PERRY, ET AL**

**VERSUS**

**DOROTHY MAE CLAY, IN RE ESTATE**

**OF JAMES PAUL GREEN**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 69,159
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

### SHANNON J. GREMILLION
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar, Judges.


**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**Ronald D. Brandon**
**Brandon Law Firm**
**P. O. Box 216**
**Many, LA 71449**
**(318) 256-5910**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Dorothy Mae Clay, in re Estate of James P Green**

**Yvette Perry**
**941 Lucille Street**
**Natchitoches, LA 71457**
**(318) 332-4450**
**In Proper Person**

**James Paul Perry**
**941 Lucille Street**
**Natchitoches, LA 71457**
**(318) 332-4450**
**In Proper Person**

**GREMILLION, Judge.**

From the judgment of the trial court that maintained the exception of no right of action filed by Appellee, Dorothy Mae Clay (Mrs. Clay), Appellants filed the instant appeal. For the reasons that follow, we affirm in part, reverse in part, and remand the matter for further proceedings.

## FACTS

This matter involves the succession of James Paul Green (Mr. Green), who died in 2014. Appellants, James Paul Perry (Mr. Perry) and his daughter, Yvette Perry (Ms. Perry), sought to be recognized as Mr. Green's father and sister, respectively, when, on August 20, 2018, they filed a Rule to Show Cause contesting the propriety of Mrs. Clay's administration of Mr. Green's succession.[1] Mr. Perry asserted that he fathered Mr. Green, Mr. Green's brother, Michael McClanahan, and Mr. Green's sister, Laura Ann Green, during an extra-marital affair between himself and Mr. Green's mother, Mrs. Clay, who was married to James Charles Green during the pertinent period. Mr. Perry's testimony on this point was corroborated by his ex-wife, Estella Patton, who was aware at the time of Mr. Perry's relationship with Mrs. Clay, and by three of his biological children fathered with Mrs. Patton. Mr. Perry's paternity of Mr. Green was disputed by Mr. Green's sister, Lenora Green.

Mrs. Clay answered the rule with exceptions of no cause of action and no right of action. The trial court maintained the exception of no right of action and denied the exception of no cause of action. This appeal ensued.

---

[1] Appellants entitled their action, "YVETTE PERRY & JAMES PAUL PERRY, ET AL." and assert therein that, besides themselves, Patrice Perry, James Sylvester Perry, and James Jerome Perry seek to be recognized as heirs of James Paul Green. However, none of these putative heirs have joined the action. The judgment appealed is silent as to these putative heirs. This court is limited to addressing the rights of the actual parties to the litigation.

## ANALYSIS

The law establishes the presumption that the husband of the mother is the father of the child born during the marriage. La.Civ.Code art. 185. Thus, Mr. James Charles Green is presumed to be Mr. Green's father. The law also establishes *peremptive* periods within which a putative biological father may seek filiation of a child. Louisiana Civil Code Article 198 provides:

> A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.

> If the child is presumed to be the child of another man, the action shall be instituted within one year from the day of the birth of the child. Nevertheless, if the mother in bad faith deceived the father of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs.

> In all cases, the action shall be instituted no later than one year from the day of the death of the child.

> The time periods in this Article are peremptive.

Mrs. Clay filed an exception of no right of action in response to Appellants' rule.

> The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.

*Reese v. State Dep't of Pub. Safety & Corr.*, 03-1615, p. 3 (La. 2/20/04), 866 So.2d 244, 246.

In *Leger v. Leger*, 15-151 (La.App. 3 Cir. 9/30/15), 215 So.3d 773, a mother's paramour intervened in her divorce to establish his paternity of the second child born during her marriage. The intervention was filed approximately twenty months after the child was born and eighteen months after a DNA test proved to a 99.99%

2

probability that he was the child's father. We affirmed the trial court's maintenance of exceptions of peremption, no right of action, and no cause of action asserted by the mother's husband.

Applying the precepts of La.Civ.Code art. 198 and the reasoning in *Leger*, it is apparent that Mr. Perry's action is perempted: it was filed more than a year after Mr. Green's death, which was the absolute latest such a claim could be made under any circumstance. Accordingly, Mr. Perry no longer enjoys the status of one afforded a remedy in Mr. Green's succession.

The same cannot be said of Ms. Perry. La.Civ.Code art. 875 defines intestate successions, in part: "Intestate succession results from provisions of law in favor of certain persons[.]" Under the provisions of La.Civ.Code art. 880, when there is no valid testamentary disposition of decedent's property, i.e. an intestate succession, "the undisposed property of the deceased devolves by operation of law in favor of his descendants, ascendants, and collaterals, by blood or by adoption, and in favor of his spouse not judicially separated from him, in the order provided in and according to the following articles." Comment (c) of the Revision Comments of 1997 to this article state, in pertinent part, "Once a relationship is proven by blood or adoption, the succession rights of such a relative are established without reference to the legitimacy of that relationship." Thus, this revision of the Civil Code removed any distinction between legitimate and illegitimate siblings, and, under Article 880, this decedent's half-siblings are entitled to inherit their share "by operation of law." Nothing in the law required these siblings to prove their blood relationship to decedent at any time before they made a claim in his succession.

In *Gibbs v. Delatte*, 05-821 (La.App. 1 Cir. 12/22/05), 927 So.2d 1131, *writ denied*, 06-0198 (La. 4/24/06), 926 So.2d 548, the first circuit addressed the question concerning half-siblings' right to proceed under wrongful death and survival actions

5

even though their deceased father never filiated their half-brother, the decedent. The court of appeal ruled in favor of the half-siblings, finding that they enjoyed the right to bring these actions within the appropriate time delays. This ruling relied in part on the supreme court's holding in *Warren v. Richard*, 296 So.2d 813 (La.1974), and its reliance on several landmark United States Supreme Court decisions establishing the principle that the test for equal protection under the law is the biological relationship of the parties, not their legal classification. Put another way, blood is the determining factor with siblings. Additionally, in *Warren*, the fact that the claimant was presumed to be the child of her mother's husband was not a bar to her proving that the decedent was her biological father.

Under the current provisions of the Civil Code "[s]uccession occurs at the death of a person[,]" La.Civ.Code art. 934, and universal successors immediately "acquire ownership of the [decedent's] estate[,]" La.Civ.Code art. 935. Universal successors are now defined in La.Civ.Code art. 3506(28) to include intestate heirs and the former La.Civ.Code art. 949 (1870) "is obsolete because of the elimination of irregular successors and therefore has been deleted." La.Civ.Code art. 935, Revision Comment (f) (1997). Louisiana Civil Code Article. 893 makes no distinction between legitimate and illegitimate siblings related by half-blood as evidenced in Comment (a) of the Revision Comments of 1981 to that article.

Thus, the trial court erred in finding that Ms. Perry has no right of action without addressing the legal distinction between Mr. Perry's right of action and Ms. Perry's potential right of action. No factual findings were adduced, and, in the mind of this court, whether Ms. Perry enjoys a right of action is dependent upon an assessment of the credibility of the witnesses in the matter, which we are poorly positioned to assess. We remand the matter to the trial court for proceedings to

4

determine whether Yvette Perry has proven her sibling relationship to James Paul Green.

For these reasons, the judgment of the trial court maintaining the exception of no right of action is affirmed in part and reversed in part, and the matter is remanded for further proceedings. All costs of these proceedings are taxed equally to Appellant, James Paul Perry, and Appellee, Dorothy Mae Clay.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**